## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALEAK ROBERT CHANDLER** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-3400** |
| | : | |
| **CARL A. HOFFMAN,** *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**PEREZ, J.**                                                                                              **October 22, 2024**

*Pro se* Plaintiff Waleak Robert Chandler, a pretrial detainee currently housed at the

Northampton County Prison ("NCP"), asserts claims pursuant to 42 U.S.C. § 1983 against the

Medical Director of NCP and President of PrimeCare, Inc., a company under contract to provide

medical services to the NCP.   Chandler's claims relate to alleged deprivation of medical care at

the NCP.   Chandler seeks leave to proceed *in forma pauperis*.   For the following reasons, the

Court will grant Chandler leave to proceed *in forma pauperis* and dismiss his Complaint without

prejudice.   Chandler will be permitted to file an amended complaint.

## I.       FACTUAL ALLEGATIONS[1]

Chandler names the following Defendants in his Complaint:  (1) Carl A. Hoffman, the

"President/Sole Stockholder" of PrimeCare, Inc.; and (2) Lauren Tamburino, the "Medical

Director" of the NCP.  ("Compl." (ECF No. 2) at 2.)  Both Defendants are sued in their official

and individual capacities.  (*Id*. at 2-3.)  The factual allegations in Chander's Complaint are brief.

---

[1] The facts are taken from Chandler's Complaint (ECF No. 2), which consists of the
Court's standard form complaint and one additional handwritten page containing the bulk of
Chandler's factual allegations.  The Court adopts the pagination supplied by the CM/ECF
docketing system.

He alleges that since he has been detained at the NCP beginning in March 4, 2023, he has been

"deprived proper medical attention" which has caused his "health to decline." (*Id*. at 4.) He

further states that "the lack of proper medicines" has caused him to suffer "countless" seizures

and head injuries, high blood pressure, mild heart issues, and minor aches and pains. (*Id*.)

Chandler claims that the lack of medical attention at the NCP is due to "unqualified staff or

biased opinions due to inmates' charges." (*Id*.) He also alleges that the prison is "blind . . . to

the use of obsessive force by correctional officers while denying medical attention or failing to

document incidents." (*Id*.) Based on these allegations, Chandler asserts constitutional claims

and seeks money damages. (*Id*. at 6.)

## II.     STANDARD OF REVIEW

The Court grants Chandler leave to proceed *in forma pauperis* because it appears that he

is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At

this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*]

complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only

whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible []

---

[2] Because he is a prisoner, Chandler will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, ___ F.4th ___, 2024 WL 3820969 (3d Cir. Aug. 15, 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Chandler is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Chandler asserts constitutional claims against Defendants under § 1983, the vehicle by which federal constitutional claims may be brought in federal court.[3]  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events

---

[3] In drafting his Complaint, Chandler checked the boxes on the form he used indicating that he seeks to name the Defendants in their official and individual capacities.  (Compl. at 2-3.)  Claims against government employees named in their official capacities are indistinguishable from claims against the governmental entity that employs the Defendants.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*  Despite checking the official capacity claim boxes on the form, Chandler does not allege any official capacity claims against Hoffman and Tamburino.  *See Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (holding that, to plead a § 1983 claim against a prison medical provider, plaintiff must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]").  For these reasons, to the extent he intended to raise any official capacity claims, they are not plausible and will be dismissed.

and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Although he does not specifically state it, the Court understands Chandler to assert Fourteenth Amendment claims in connection with the alleged denial of medical care.[4]  *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.").  Because Chandler was a pretrial detainee when the events described in the Complaint occurred, his claims are analyzed under the Due Process Clause of the Fourteenth Amendment.  *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (holding that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees).  To state a claim based on the failure to provide medical treatment under the Fourteenth Amendment, a plaintiff must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety."  *Id*. at 837.  Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or

---

[4] Chandler states that he asserts claims under the Fourth and Sixth Amendments.  The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  The Sixth Amendment provides certain rights to criminal defendants during their criminal prosecution, such as the rights to counsel, a speedy and public trial, and an impartial jury, among others.  U.S. Const. Amend. VI.  There are no allegations in Chandler's Complaint that support a plausible Fourth Amendment or Sixth Amendment claim.  Accordingly, to the extent he intended to assert Fourth and Sixth Amendment claims, those claims will be dismissed.

recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

Chandler's Fourteenth Amendment claims are undeveloped and thus not plausible as pled for two reasons. First, Chandler has not alleged sufficient facts about the deprivation(s) of medical care that would raise a plausible inference that Defendants were deliberately indifferent to his serious medical needs. He merely states that he was "deprived proper medical attention" which caused his "health to decline" and that the "lack of proper medicines" caused him to suffer seizures, high blood pressure, mild heart issues and minor aches and pains. (*Id.* at 4.) Chandler does not describe the specific medical needs for which he required care, the times when he requested care for those needs, or the circumstances under which that care was deprived or otherwise inadequate. Instead, Chandler offers only vague, generalized, and conclusory allegations that are not sufficient to state a plausible Fourteenth Amendment claim. Second, Chandler has not tied any of his allegations about the deprivation of medical care to either of the two named Defendants. As noted above, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode*, 845 F.2d at 1207; *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Aside from naming Hoffman and Tamburino as Defendants, Chandler does not mention them again anywhere in the Complaint. To the extent that Hoffman and Tamburino are named as Defendants simply due to their high-ranking

positions with the NCP and PrimeCare, this is not sufficient to state a plausible claim.  *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original).  Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017).[5]

To the extent that Chandler intends to assert excessive force claims based on allegations that prison officials were "blind" to "obsessive force" by corrections officers, his claims fail for similar reasons.  To state a due process violation based on excessive force, a pretrial detainee must allege plausibly that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).  Whether unreasonable force has been used against a detainee "requires 'careful attention to the facts and circumstances of each particular case.'" *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  Courts should analyze "these circumstances 'from the perspective of a reasonable officer on the scene'" while keeping in mind that decisions about force require the expertise of correctional officers, "'who must have

---

[5] There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  Second, a supervisor may "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*  "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.  Chandler's Complaint does not include allegations that would plausibly support a supervisory liability claim against either of the named Defendants.

6

substantial discretion to devise reasonable solutions to the problems they face.'" *Id*. at 195 (quoting *Kingsley*, 576 U.S. at 397 & 399).  Here, Chandler vaguely alleges that prison officials ignored incidents of excessive force by corrections officers but does not allege that any excessive force was used against him.  Nor does he connect any specific allegations of excessive force to either of the named Defendants.  Accordingly, Chandler's excessive force claims are undeveloped as pled and must also be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Chandler leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will permit Chandler an opportunity to file an amended complaint in the event he can address the defects the Court has noted as to his claims.  An appropriate order follows.

**BY THE COURT:**

**HON. MIA R. PEREZ**